UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT STUDSTILL EL,

    Plaintiff,                                       Civil Action No. 15-cv-12545

vs.                                               HON. BERNARD A. FRIEDMAN

CITY OF ROMULUS, MICHIGAN,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis [docket entry 2]. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it:

(i) is frivolous or malicious;

>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.  To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).  Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding in forma pauperis, if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that on May 21, 2015, he "was Traveling in a 1988 Buick red, with a Kickapoo territory # 3a - 005 - El" license plate in the City of Romulus, Michigan, when a Romulus police officer stopped him.  Compl. at 2-3.  Plaintiff alleges a number of times in his complaint that he was not a "driver" at the time of the stop.  *Id.* at 3-4.  He alleges, "[f]irst of all, I was not a driver at the time city of [sic] police stopped me.  I was merely exercising my U.S. constitutional right to travel." *Id.* at 4.  During the course of this stop, plaintiff states that he was arrested and Romulus police officers smashed the driver's side window of the car.  *Id.* at 3.  Plaintiff's complaint states that he was falsely charged with driving with a suspended license, disobeying a police officer, and failing to provide proof of insurance to the police officer. *Id.*  Specifically, plaintiff alleges that the City of Romulus violated his First, Fourth, Fifth, and Ninth Amendment rights to the U.S. Constitution.  Plaintiff also alleges that the City of Romulus,

Michigan, violated Articles one through seven of the "Moorish zodiac constitution."[1] *Id.* at 1. For these alleged violations, plaintiff asks the Court to bring criminal charges against the Romulus police officers who arrested him and seeks monetary damages from the City of Romulus, Michigan, in the amount of $7 million dollars.[2]

Given the nature of the allegations in plaintiff's pro se complaint, the Court construes these allegations as arising under 42 U.S.C. § 1983. A local government can be held liable under § 1983 only when the entity's policy or custom is "the moving force of the constitutional violation." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipal liability cannot be premised upon the mere fact that a local government employed the offending employee (i.e., cannot be based on a respondeat superior theory). *Id.* at 691. To satisfy the Monell requirements, "the plaintiff needs to 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Amerson v. Waterford Twp.*, 562 F. App'x 484, 490 (6th Cir. 2014) (citing Garner *v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

---

[1] This allegation epitomizes a frivolous claim as it is "based on an indisputably meritless legal theory" and is "a legal interest which clearly does not exist." *Neitzke*, 490 U.S. 327-28.

[2] Because plaintiff attaches a copy of the Romulus Police Department's "Reporting Officer Narrative" as an exhibit to his complaint, the Court may consider this exhibit. This narrative describes the May 21, 2015, encounter in detail and indicates that on this date, a Romulus police officer pulled plaintiff over after noticing that plaintiff's license plate, from the "Kickapoo Territory," was illegitimate. During the traffic stop, the officer asked plaintiff for his license and registration. Plaintiff provided a Moorish Holy Temple of Science of the World ID Card and title paperwork to a vessel. The officer informed plaintiff that his driver's license was not legitimate and that he needed to provide a valid driver's license. Plaintiff refused to comply with these requests and refused to exit his vehicle when instructed to do so. Two additional officers arrived on the scene to assist. The officers warned plaintiff that they would smash his window open if he refused to exit the vehicle. After failing to comply, the officers smashed plaintiff's car window and placed him under arrest for failing to obey a police officer, driving with a suspended license, and failing to provide proof of insurance.

In his complaint, plaintiff does not identify or allege that any policy or custom of the City of Romulus, Michigan, caused any violation of his constitutional rights. His complaint must therefore be dismissed for failure to state a claim upon which relief may be granted. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: July 22, 2015
      Detroit, Michigan

_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE