# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 28, 2015

Mr. Herbert Studstill El
6296 Carnegie Street
Romulus, MI 48174

Re: Case No. 15-1874, *Herbert Studstill El v. City of Romulus*
Originating Case No. : 2:15-cv-12545

Dear Mr. Studstill El:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Renee M. Jefferies on behalf of Jeanine Hance
Case Manager
Direct Dial No. 513-564-7037

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 15-1874

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | | **FILED** Dec 28, 2015 DEBORAH S. HUNT, Clerk |

HERBERT STUDSTILL EL,   )
                       )
    Plaintiff-Appellant, )
                       )
v.                     )   ON APPEAL FROM THE UNITED
                       )   STATES DISTRICT COURT FOR
CITY OF ROMULUS,       )   THE EASTERN DISTRICT OF
                       )   MICHIGAN
    Defendant-Appellee. )
                       )
                       )

O R D E R

Before: COLE, Chief Judge; SILER and GRIFFIN, Circuit Judges.

Herbert Studstill El, a pro se Michigan citizen, appeals from the district court's sua sponte order dismissing his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In his complaint, Studstill El alleged that he was stopped by a Romulus, Michigan police officer in May 2015 for driving with a non-valid license plate from the "Kickapoo territory" reading "#3a-0005-El." When asked to provide a driver license and proof of insurance, Studstill El offered an ID card issued by the Moorish Holy Temple of Science of the World and a "title for a vessel." The interaction eventually became heated, several additional officers arrived, and, ultimately, Studstill El's window was smashed and he was removed from his car.

Studstill El alleged that the officers' actions violated his First, Fourth, Fifth, and Ninth Amendment rights, as well as "Moorish zodiac constitution articles 1-7." Although the City of

No. 15-1874
- 2 -

Romulus is the only named defendant, Studstill El sought "[c]riminal charges brought against the . . . police officers for violating the[i]r oath of office," as well as seven million dollars in damages from the City. The district court dismissed the case because Studstill El failed to identify any policy or custom of the City that might form the basis of a § 1983 claim. This appeal follows.

We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). This statute requires a district court to screen and dismiss complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As an initial point, Studstill El's request for criminal prosecution of the Romulus Police Officers is patently frivolous because private citizens lack authority to enforce a state's criminal code. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986).

To state a viable § 1983 claim against a municipality or local government unit, a plaintiff must demonstrate constitutional injuries inflicted through the implementation of its official policies or established customs. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The district court correctly determined that Studstill El failed to identify any "official policies or established customs" put in place by the City of Romulus, let alone explain how the policy or custom resulted in a constitutional violation.

Accordingly, we **AFFIRM** the district court's order dismissing Studstill El's § 1983 complaint for failing to state a claim upon which relief may be granted.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk